# UNITED STATES DISTRICT COURT
## Southern District of Texas
## Houston Division

| | |
|---|---|
| Tomeka Williams, individually and on behalf of all those similarly situated, § § § § | |
| Plaintiff, § § | CA Number: 4:23-cv-4102 |
| § | |
| v. § | Collective Action |
| § | |
| Devine Embrace Health Services, LLC and Violet Idokogo § § § | |
| Defendants. § | |

### Plaintiff's First Amended Collective Action Complaint

Tomeka Williams ("**Plaintiff**"), individually and on behalf of all others similarly situated ("**Class Members**"), brings this Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("**FLSA**") suit against the above-named Defendants and shows as follows:

1. **Parties.**

    1.1. Plaintiff is an individual residing in the Southern District of Texas. In the three-year period preceding the filing of this action, Plaintiff was employed by Defendants within the meaning of the FLSA. Plaintiff's written consent to become a party plaintiff is being filed with the Court as Exhibit A.

    1.2. The Class Members are other nurses and hourly paid health care staff that were employed by Defendants within three years of the filing of this lawsuit and were not paid overtime as required by the FLSA.

1.3. Devine Embrace Health Services, LLC ("DEHS") is a Texas limited liability company engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA. It can be served at its principal office located at 9894 Bissonnet Street, Suite 312, Houston, Texas 77036.

1.4. Violet Idokogo ("Idokogo") is an individual and a Texas resident residing in the Southern District of Texas. Idokogo is the owner and manager of DEHS. She determines how its employees are paid are paid. She can be served at 9894 Bissonnet Street, Suite 312, Houston, Texas 77036.

1.5. DEHS and Idoko are collectively referred to as "**Defendants**."

2. **Jurisdiction and Venue.**

    2.1. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

    2.2. Defendants carry on substantial business in the Southern District of Texas and have sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

    2.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

3. **Coverage.**

3.1. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

3.2. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

3.3. At all times hereinafter mentioned, Defendants have been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

3.4. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

3.5. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the FLSA, 29 U.S.C. § 203(s)(1)(B), in that said enterprise is engaged in the operation of an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution.

3.6. Two or more of DEHS's employees, including Plaintiff, engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Plaintiff and DEHS's employees used/use:

   3.6.1. computers and telecommunications equipment that has been manufactured and shipped across state lines;

   3.6.2. office equipment, such as copiers, that has been manufactured and shipped across state lines;

   3.6.3. the interstate telephone systems, landline and cellular, to recruit and employ nurses;

   3.6.4. the United States postal system to send mail across state lines; and

   3.6.5. the interstate banking systems to pay DEHS's employees.

3.7. Idokogo had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, Idokogo had operational control of significant aspects of DEHS's day-to-day functions and independently exercised control over the work situation. Idokogo had direct involvement in the day-to-day operation of DEHS and had some direct responsibility for the supervision of the employees. Each of Idokogo set work schedules and made work assignments.

3.8. Idokogo: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3)

  determined the rate and method of payment; and (4) maintained employment records.

3.9. Idokogo acted, directly or indirectly, in the interests of an employer in relation to Plaintiff and the Class Members.

3.10.  At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

3.11. Plaintiff was employed by Defendants within the applicable statute of limitations.

4. **Factual Allegations.**

4.1. DEHS provides specialized nursing care. DEHS provides nursing services to DEHS' special needs clients.

4.2. Plaintiff worked for Defendants as a staff employee. Class Members provide services to DEHS' special needs clients.

4.3. Plaintiff was paid on an hourly basis.

4.4. The Class Members were paid on an hourly basis.

4.5. Plaintiff and the Class Members were paid straight time only.

4.6. Defendants' policy of paying straight time only applied to all individuals employed by Defendants regardless of employment position and duties.

4.7. Plaintiff and the Class Members regularly worked in excess of 40 hours a week. For example, during the two-week pay-period ending August 15, 2023 Plaintiff worked 103.45 hours and was paid at the straight-time hourly rate of

$15.52 for the hours.  Plaintiff was not paid at an overtime rate for any of the hours.

4.8. Defendants did not pay Plaintiff, and similarly situated employees, time-and-one-half their regular rate of pay for the hours that Plaintiff and similarly situated employees worked over 40 hours a week.

4.9. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

5. **Collective Action Allegations.**

5.1. Other employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA.  Other individuals employed by Defendants were paid in the same manner as Plaintiff, i.e., no overtime pay for hours worked in excess of 40 per workweek.  The illegal practices or policies of Defendants have been uniformly imposed on the Class Members.

5.2. The Class Members performed job duties typically associated with non-exempt employees.  Their duties were routine and did not require the exercise of independent judgment or discretion. They were all paid hourly. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid one and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

5.3. Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

5.4. Defendants' failure to pay overtime compensation at the rates required by the FLSA is a result of generally applicable pay policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members.

5.5. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment. All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

5.6. Accordingly, the class of similarly situated plaintiffs is properly defined as:

    **5.6.1. All individuals who were paid hourly and who worked for DEHS any within three years of the filing of this lawsuit and who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

5.7. Plaintiff brings this action on behalf of similarly situated employees.

5.8. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

6. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

6.1. Each and every allegation contained in the foregoing paragraphs 1-5 is re-alleged as if fully rewritten herein.

6.2. During the relevant period, Defendants have violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

6.3. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members. Defendants were aware that overtime pay was required for hourly employees but ignored the FLSA.

6.4. Defendants did not act in good faith and/or have reasonable grounds for a belief that their actions did not violate the FLSA nor did they act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29

U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

7. **Relief Sought.**

   7.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that she and all and all those who consent to be opt-in plaintiffs in this collective action recover jointly and severally from Defendants, the following:

   7.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and her counsel to represent the Class Members;

   7.1.2. An Order requiring Defendants to provide the names, addresses, telephone numbers and email addresses of all potential Class Members;

   7.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

   7.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

   7.1.5. All unpaid wages and overtime compensation;

   7.1.6. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendants' failure to pay overtime compensation pursuant to the FLSA;

7.1.7. Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

7.1.8. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

7.1.9. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By:    */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**